**Judson EDGE, et al., Plaintiffs,**

v.

**SUMTER COUNTY SCHOOL DISTRICT, et al., Defendants.**

**Civ. A. No. 80–20–AMER.**

United States District Court,
M. D. Georgia,
Americus Division.

Dec. 1, 1981.

---

James W. Head, Willie Abrams, Columbus, Ga., Lois R. Goodman, Laughlin McDonald, Atlanta, Ga., for plaintiffs.

George M. Peagler, Jr., Ellis, Easterlin & Peagler, Americus, Ga., for Sue R. Smith.

W. Warren Plowden, Jr., Jones, Cork, Miller & Benton, Macon, Ga., Henry L. Crisp, Crisp, Oxford & Gatewood, Americus, Ga., for defendants.

Before ANDERSON, Circuit Judge, and OWENS and ELLIOTT, District Judges.

## OPINION AND ORDER

This is an action by black residents of Sumter County, Georgia, by which they seek declaratory and injunctive relief so as to abolish the at-large method of election of members of the Board of the Sumter County School District and the adoption or imposition of a new plan of fairly-apportioned districts for the election of Board members. The Plaintiffs base their claim for relief on the failure of the District to obtain preclearance pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c for the 1973 change to at-large elections.

The Plaintiffs have filed a motion for summary judgment on the issue of Section 5 preclearance. The Defendants contend that the change to the at-large method was court-ordered and therefore not subject to Section 5 preclearance.

There is no controversy concerning the basic facts. Pursuant to Georgia Laws 1968, p. 2065, the Sumter County Board of Education consisted of seven members elected from four single-member districts, one two-member district, and with one member elected at-large. On July 12, 1972 these election districts were declared unconstitutionally apportioned in *Carter v. Crenshaw*, C.A.No. 768 (M.D.Ga., Americus Division). The District Court offered the Board an opportunity to devise a new election system. This led to a legislative enactment by the General Assembly of Georgia some six months later of a statute identified as Georgia Laws 1973, p. 2127, which provided for at-large elections for the entire Board. This legislative change was submitted to the Attorney General for clearance pursuant to Section 5 of the Voting Rights Act of 1965. On July 13, 1973 the Attorney General interposed an objection to the change. In spite of this objection the at-large system has been utilized for Board elections up to the present time.

The question presented for this Court's decision is whether the 1973 change to an at-large method of election is subject to the preclearance requirements of Section 5 of the Voting Rights Act of 1965.

It is clear, and the Defendants do not dispute, that the at-large system provided for by the 1973 legislative enactment above referred to differs from the mixed district and at-large system which had been in use since 1968. What the Defendants contend is that the change brought about by the 1973 enactment was ordered by the Court in *Carter v. Crenshaw, supra,* and that such a court-ordered plan is not subject to Section 5.

A reading of the Court's opinion and order in *Carter v. Crenshaw, supra,* demonstrates that what the Court did in that case was decide that the election districts as they then existed were unconstitutionally apportioned but then offered the Defendants in that case an opportunity to devise a new election system which would comport with legal requirements. The Court did not direct that any particular system be adopted. It is true that the later action of the elected representatives of the people, by which the at-large system now under attack was adopted, was doubtless the result of the Court's 1972 order in *Carter v. Crenshaw, supra,* but this was not the action of the Court nor was it directed by the Court.

In the recent case of *McDaniel v. Sanchez,* 452 U.S. 130, 101 S.Ct. 2224, 68 L.Ed.2d 724 (1981), the United States Supreme Court stated:

"As we construe the congressional mandate, it requires that whenever a covered jurisdiction submits a proposal reflecting the policy choices of the elected representatives of the people—no matter what constraints have limited the choices available to them—the preclearance requirement of the Voting Rights Act is applicable."
p. 741.

■ There can be no doubt that the change to an at-large election system which we are here considering, resulting as it did from an Act of the Georgia Legislature, reflected the "policy choices of the elected representatives of the people", and, in light of the Supreme Court decision in *McDaniel v. Sanchez, supra,* we are led to conclude that it is clear that the adoption of the at-large system is subject to the preclearance requirements of Section 5 and that the elections held under the at-large system in spite of the Attorney General's objections violated Section 5.

■ As Section 5 by its terms renders unprecleared changes legally unenforceable, the ordinary course for this three-judge Court would be to simply enjoin elections under the unprecleared system, thereby returning the school district to its last legally enforceable election system, which in this case would be the mixed system provided for in Georgia Laws 1968, p. 2065. However, in the circumstances here presented, the presently existing districts were declared unconstitutionally apportioned in *Carter v. Crenshaw, supra,* and there is now no legally enforceable election system for the school district. The jurisdiction of a three-judge Section 5 Court is limited to a determination of Section 5 coverage and thus this Court lacks authority as a Section 5 court to remedy the malapportionment of the old districts. It is thus appropriate that this three-judge Court, having determined the Section 5 issue, remand the case to a single judge Court to address the violations which have occurred and to supervise the development by the local authorities of a legally enforceable election plan, which plan will, of course, be subject to the preclearance requirements of Section 5.

We conclude that the undisputed facts of this case entitle the Plaintiffs to summary judgment as a matter of law on their claim that the at-large election system used by the Sumter County School District is violative of Section 5 of the Voting Rights Act of 1965. It is, therefore, ordered that the Plaintiffs' motion for summary judgment should be and the same is hereby sustained and that the Defendants, their agents and employees, and all others acting in concert with them, be and they are hereby enjoined and restrained from further use of the at-large plan for electing members of the Board of the Sumter County School District as contained in Georgia Laws 1973, p. 2127, and it is further ordered that this case is remanded to the single member District

Court for the supervision of the development and implementation of a new election plan which satisfies legal requirements.